## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JANICE L. DANIELS, | DOCKET NUMBER |
| Appellant, | CH-0353-22-0125-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: January 19, 2024 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Janice L. Daniels, Chicago, Illinois, pro se.

Maryl R. Rosen, Esquire, St. Louis, Missouri, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal as withdrawn. For the reasons discussed below, we GRANT the petition for review, VACATE the initial decision, and REMAND the case to the Central Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The record in this appeal is difficult to decipher. It appears that the appellant was employed with the U.S. Postal Service in various positions starting in 1977. Initial Appeal File (IAF), Tab 1 at 2, 9. According to the appellant, she suffered an on-the-job injury in 1978, and, at some point in 1981, she was deemed partially recovered and put back to work in a different position due to her medical limitations. *Id.* at 4, 19. At some point the appellant apparently retired and thereafter, she has asserted that she filed a claim for compensation with the Department of Labor's Office of Workers' Compensation Programs (OWCP), arguing that she suffered a loss of wage-earning capacity because of her on-the-job injury and subsequent assignment to a different position. *Id.* at 4. The appellant asserted that, on December 9, 2021, OWCP verbally informed her that it would not hold a hearing on her claims. *Id.*

On January 5, 2022, the appellant filed the instant appeal with the Board. IAF, Tab 1. Although in her initial appeal, she checked the boxes corresponding with the following claims, asserting they were the basis for her appeal: (1) reduction in grade, pay or ban; (2) failure to restore/reemployee/reinstate or improper restoration/reemployment/reinstatement; (3) involuntary retirement; (4) denial of within-grade increase; and (5) other, wherein she handwrote in "[r]eorganization of 1994-[f]ailure to [r]estore [l]evels," she stated that the decision she was appealing was OWCP's December 9, 2021 statement that it would not hold her requested hearing on her loss of wage-earning capacity claim. *Id.* at 2-4.

Recognizing that the Board may not have jurisdiction over the appeal, the administrative judge informed the appellant of what she must nonfrivolously allege to establish the Board's jurisdiction over an involuntary retirement, reduction in pay, and denial of restoration.[2]  IAF, Tab 3. The administrative

---

[2] The administrative judge later explained that the appellant had made clear during a status conference that she was not alleging an involuntary resignation or involuntary retirement, nor was she asserting that she was a preference eligible, a supervisor, or a

judge also informed the appellant that the Board does not have jurisdiction over disputes with OWCP, nor does it have independent authority to consider claims of reasonable accommodation denials where it otherwise lacks jurisdiction over the appeal.  IAF, Tab 10 at 1-2.  The appellant responded to the administrative judge's orders on jurisdiction, alleging that the agency subjected her to difficult conditions of employment following her restoration, and she appears to argue that it did so because she is a whistleblower.  IAF, Tab 14.

Before the record closed on the question of jurisdiction, the appellant filed a motion to withdraw "all [her] legal matters with the MSPB . . . due to medical reasons at this time."  IAF, Tab 20 at 4.  The administrative judge informed the appellant that a voluntary withdrawal of an appeal would result in its dismissal with prejudice.  IAF, Tab 21 at 1.  She explained that, absent unusual circumstances, the Board would not reinstate the appeal once it has been withdrawn, and that a withdrawal must be clear, unequivocal, and decisive.  *Id.* She informed the appellant that she would dismiss the appeal as withdrawn on a certain date unless the appellant filed a pleading indicating that she wished to proceed with her appeal.  *Id.*  The appellant responded, explaining that she was suffering from mental and physical health issues and that she was struggling to secure legal representation to pursue her claims.  IAF, Tab 22 at 4.  After explaining the impediments presented by her physical health and the Board's deadlines, she stated that "[i]t is of great sorrow that I must withdraw, but please don't prejudice me because of my . . . disabilities."  *Id.* at 5.

After the close of the jurisdictional record and without holding the appellant's requested hearing, IAF, Tab 1 at 2, the administrative judge issued an initial decision dismissing the appeal as withdrawn, IAF, Tab 24, Initial Decision (ID).  The administrative judge found that the appellant "clearly and unequivocally expressed her intent to withdraw her appeal."  ID at 2-3.

_____

management employee or employee in personnel work in other than a purely nonconfidential clerical capacity at the agency.  IAF, Tab 10 at 1.

Accordingly, the administrative judge found that the appellant's withdrawal "divests the Board of jurisdiction," and she dismissed the appeal. ID at 3.

The appellant has filed a timely petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. Among her claims therein is her assertion that the administrative judge should not have dismissed her appeal with prejudice and that the administrative judge made no findings on jurisdiction. *Id.* at 7, 11, 17-18, 21-22. She also appears to continue to assert that she is a whistleblower. *Id.* at 5-6. The agency has responded to the appellant's petition for review, to which the appellant has replied. PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

An appellant's withdrawal of her appeal is an act of finality, and, absent unusual circumstances such as misinformation or new and material evidence, the Board will not disturb an initial decision dismissing an appeal as withdrawn. *See Rosso v. Department of Homeland Security*, 113 M.S.P.R. 271, ¶ 9 (2010). However, an appellant's relinquishment of her right to appeal to the Board must be by clear, unequivocal, and decisive action. *Id.* When an appellant raises a genuine question of fact as to whether she made a clear, unequivocal, and decisive act to relinquish her right to appeal to the Board, the Board may, in the interest of justice, vacate the decision dismissing the appeal as withdrawn and remand the case. *Id.* The Board's decision to do so involves balancing the desirability of finality and the public interest in reaching what ultimately appears to be the right decision. *See generally Shannon v. Department of Homeland Security*, 100 M.S.P.R. 629, ¶ 18 (2005).

As an initial matter, we observe that the appellant exercised due diligence in seeking review of the initial decision, as she timely filed her petition for review within 35 days of the issuance of the initial decision. Further, although finality of a decision is generally desired, and the appellant filed two pleadings expressing her intent to withdraw her appeal—one of which was filed after the

administrative judge informed her of the consequences of a withdrawal—the tenor of the appellant's second request to withdraw her appeal and her petition for review raises the question of whether these requests to withdraw were clear, decisive, and unequivocal. *See Rosso*, 113 M.S.P.R. 271, ¶ 9.

As noted above, in the appellant's second request to withdraw, she expressly asked that the administrative judge not prejudice her in dismissing the appeal. IAF, Tab 22 at 5. This request is reiterated in her petition for review, wherein she states several times that she was seeking a dismissal without prejudice. PFR File, Tab 1 at 7, 11, 20-21. Further, the appellant asserted below that her request to withdraw was due to health issues and her inability to proceed without representation. IAF, Tab 22 at 4-5. The Board has found that such circumstances would justify withdrawal of an appeal without prejudice to refiling. *See Soto v. Department of Justice*, 95 M.S.P.R. 552, ¶ 7 (2004). It is within the administrative judge's discretion to advise an appellant that she may seek to dismiss an appeal without prejudice on the bases explained above. *Id.* We find that, under the circumstances present here, the administrative judge should have exercised her discretion to advise the appellant that she could seek to have her appeal dismissed without prejudice, and that it was error not to do so. *See id.* Because of the administrative judge's failure to exercise her discretion and advise the appellant of such, we vacate the initial decision dismissing the appeal as withdrawn and remand the appeal.[3] *See id.*, ¶ 8.

On remand, the administrative judge should resolve the question of whether the Board has jurisdiction over the appellant's claims presented in this appeal.

---

[3] Although the record on jurisdiction closed before the administrative judge issued the initial decision, making the question of jurisdiction ripe for decision, the appellant's requests to withdraw her appeal were made before the record on jurisdiction closed. IAF, Tabs 19-20, 22. Because it is possible that the appellant's reasons for withdrawing her appeal, namely, her health and inability to obtain counsel, also prohibited her from fully responding to the administrative judge's orders on jurisdiction, we find that remand is appropriate.

*See Soto,* 95 M.S.P.R. 552, ¶ 9 (remanding an appeal for a jurisdictional determination after vacating an administrative judge's finding that the appellant withdrew her appeal); *Etheridge v. Department of Veterans Affairs*, 67 M.S.P.R. 53, 58 (1995) (same). Additionally, the administrative judge should provide the appellant with information on what is required to establish the Board's jurisdiction over an individual right of action appeal alleging whistleblower reprisal.

## ORDER

For the reasons discussed above, we remand this case to the Central Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:          *Jennifer Everling*

_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.